Knopf v. Phillips

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.    CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.    WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").    A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand twenty.

PRESENT:
    RALPH K. WINTER,
    SUSAN L. CARNEY,
    JOSEPH F. BIANCO,
        *Circuit Judges.*

---

NORMA KNOPF, MICHAEL KNOPF,

*Plaintiffs-Appellants*,

v.                                                                       No. 18-661

MICHAEL PHILLIPS,

*Defendant-Cross-Claimant-Appellee*.

PURSUIT HOLDINGS (NY), LLC, FKA PURSUIT HOLDINGS, LLC, MICHAEL HAYDEN SANFORD,

*Defendants-Cross-Defendants-Appellees*.

---

FOR PLAINTIFFS-APPELLANTS:                ERIC W. BERRY, Berry Law PLLC, New York, NY.

FOR DEFENDANT-CROSS-CLAIMANT-APPELLEE
MICHAEL PHILLIPS:                         LORRAINE NADEL, Nadel & Ciarlo P.C., New York, NY.

FOR DEFENDANT-CROSS-DEFENDANT-APPELLEE
PURSUIT HOLDINGS (NY), LLC:          No appearance.

FOR DEFENDANT-CROSS-DEFENDANT-APPELLEE
MICHAEL HAYDEN SANFORD:          MICHAEL HAYDEN SANFORD,
pro se, Montauk, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED IN PART** and **VACATED IN PART** and the cause is **REMANDED** for further proceedings.

Appellants Michael and Norma Knopf (the "Knopfs") appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*) dismissing their state law contract and tort claims. In summary, the Knopfs alleged as follows: Defendant Michael Hayden Sanford established a hedge fund in 2000. The Knopfs were limited partners of the fund, and invested $11.6 million in it. In 2006, the Knopfs withdrew several million of the $11.6 million dollars that they had invested in the fund and loaned it to Sanford to enable him to purchase several pieces of real estate (the "Properties"), including a penthouse condominium in New York City (the "PHC"), through his company, Defendant Pursuit Holdings, LLC ("Pursuit"). In connection with the loans, Sanford and Pursuit agreed to execute a mortgage lien on the Properties in favor of the Knopfs and promised not to sell or otherwise encumber the Properties without the Knopfs' permission.

Sanford and Pursuit did not timely repay the loans or execute the mortgage, and in 2009, the Knopfs sued both in state court for breach of contract. Sanford and Pursuit removed that action to the federal District Court on the basis of diversity jurisdiction.

2

While the state court action was pending, Pursuit listed the PHC for sale. Michael Phillips, a real estate developer who owned a separate unit in the same building as the PHC, expressed an interest in purchasing it, and, in 2013, Phillips executed a purchase-and-sale contract on the PHC with Pursuit. In 2014, Phillips made a $100,000 loan to Sanford and took a mortgage on the PHC. In February 2016, Pursuit and Phillips closed the sale for the PHC for a $3 million purchase price.

In August 2016, the Knopfs sued Phillips and Pursuit for tortious interference with contract and fraudulent conveyance.[1] The Knopfs added Sanford as a defendant when they filed their Second Amended Complaint in September. They asserted that Sanford had breached a fiduciary duty to them, that they were entitled to a judgment holding him liable as an alter ego of Pursuit, and that they were entitled to a constructive trust on Sanford's membership interest in Pursuit. In December 2016, the District Court entered a default judgment against Pursuit on the Knopfs' breach-of-contract claim because no attorney had entered an appearance on its behalf and, as a corporation, it could not proceed pro se. Also in December, the District Court granted Phillips's motion to dismiss with respect to the Knopfs' tortious interference claim against him. One year later, in 2017, the court granted summary judgment to Phillips on the sole claim remaining against him—fraudulent conveyance. In its 2017 order, however, the District Court also partially granted the Knopfs' summary judgment motion with respect to Sanford, holding that Sanford was an alter ego of Pursuit. It ordered their remaining claims against Sanford—actual and constructive fraudulent conveyance, breach of fiduciary duty, and imposition of a constructive trust—to go to trial. In January 2018, the parties submitted pre-trial materials but, after the pre-trial conference, the District Court dismissed the Knopfs' remaining claims against Sanford, vacated the default judgment against Pursuit, and dismissed the claims against Pursuit. We assume the parties'

---

[1] The Knopfs sued in federal court, on the basis of diversity jurisdiction.

3

familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm in part and vacate in part.

## I.    Motion to Dismiss

We review de novo the dismissal of a complaint for failure to state a claim. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On motions to dismiss, district courts must construe complaints liberally, accepting as true all factual allegations "drawing all reasonable inferences in the plaintiff's favor." *Chambers*, 282 F.3d at 152. Nevertheless,"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678.

Under New York law, "[t]ortious interference with contract requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom." *Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y. 2d 413, 424 (1996). In dismissing the Knopfs' tortious interference claim against Phillips under Rule 12(b)(6), the District Court concluded that they had failed to allege "facts showing that Pursuit would not have breached the Loan Agreements but for the actions of Phillips." *Knopf v. Phillips*, No. 16-cv-6601, 2016 WL 719102, at *4 (S.D.N.Y. Dec. 12, 2016). On appeal, the Knopfs contend that the District Court misconstrued their complaint when it inferred that "Pursuit [had] publicly listed PHC for sale on at least three real estate listing websites" *before* Phillips offered to purchase the unit, *id.*, because Pursuit did not list the PHC for

4

sale until June 2014, *after* Phillips had contracted with Pursuit to buy the PHC.[2] Thus, the Knopfs argue, those listings did not foreclose Phillips's actions as a proximate cause of their loss.[3]

Although we agree with the Knopfs in that respect, we nevertheless conclude that they failed to allege sufficient facts in support of the "procurement" element of their tortious interference claim, and therefore that dismissal was justified. The complaint states only that Phillips "procured" the complained-of breach by loaning money to Pursuit and contracting to buy the PHC. App'x 98-102. It provides no details as to those transactions, including about who initiated the sale—allegations that are crucial to show that it was Phillips who "intentional[ly] and improper[ly]" (and therefore tortiously) caused Pursuit and Sanford to breach their contract with the Knopfs. *See Carlyle, LLC v. Quik Park 1633 Garage LLC*, 160 A.D.3d 476, 477 (N.Y. App. Div. 1st Dep't 2018) (internal quotation marks omitted). Such conclusory assertions are insufficient. We therefore affirm the District Court's dismissal of this claim.

## II.    Summary Judgment

We turn next to the District Court's grant of summary judgment to Phillips with respect to the Knopfs' fraudulent conveyance claim, a decision we review de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127 (2d Cir. 2013) (per curiam). As we have explained elsewhere,

---

[2] The earliest of the listings described in the Knopfs' Second Amended Complaint was posted on June 4, 2014. Critically, although the Second Amended Complaint alleges that Phillips contracted to buy the PHC in December 2014, Phillips admitted in his motion to dismiss that the contract was executed in December 2013.

[3]  To the extent the District Court arrived at this conclusion based on the print-out listings submitted by Phillips in support of his motion to dismiss (as opposed to the listings described in the complaint itself), such reliance would constitute a factual determination that is improper at the motion to dismiss stage. *See Chambers*, 282 F.3d at 152 (court must construe all factual allegations in the complaint as true).

5

"[s]ummary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (internal quotation marks omitted).

New York law contemplates that a transaction may be either actually or constructively fraudulent. A *constructively* fraudulent conveyance is one "made without 'fair consideration,'" where "(i) the transferor is insolvent or will be rendered insolvent by the transfer in question; (ii) the transferor is engaged in or is about to engage in a business transaction for which its remaining property constitutes unreasonably small capital; or (iii) the transferor believes that it will incur debt beyond its ability to pay." *Sharp Int'l Corp. v. State St. Bank & Tr. Co. (In re Sharp Int'l Corp.)*, 403 F.3d 43, 53 (2d Cir. 2005). Fair consideration is given:

> a. When in exchange for such property, or obligation, as a fair equivalent therefor, and *in good faith*, property is conveyed or an antecedent debt is satisfied, or

> b. When such property, or obligation is received *in good faith* to secure a present advance or antecedent debt in [an] amount not disproportionately small as compared with the value of the property, or obligation obtained.

N.Y. Debt & Cred. Law § 272 (emphases added). An *actually* fraudulent conveyance, on the other hand, is one made with *actual intent to defraud*, "regardless of the adequacy of consideration given." *In re Sharp Int'l Corp.*, 403 F.3d at 56 (internal quotation marks omitted). Bad faith of the transferee is therefore an element of either type of fraudulent conveyance.

The District Court premised its award of summary judgment to Phillips on its conclusion that the Knopfs had failed to adduce evidence showing that Phillips acted in bad faith. In so concluding, however, the District Court erred. The general rule in New York is that a defendant need have only actual or constructive knowledge of the fraud in order to lack good faith. *See Sardis v. Frankel*, 113 A.D.3d 135, 143 (1st Dep't 2014). The linchpin of the District Court's decision,

6

however, was the absence of any allegations that Phillips had actually *participated in* any "dishonesty." *Knopf v. Phillips*, No. 16-cv-6601, 2017 WL 6561163, at *8 (S.D.N.Y. Dec. 22, 2017) (explaining that knowledge of any fraudulent scheme was not dispositive). The District Court's stated rationale makes clear that it applied an incorrect, higher standard, one that derives from decisions in which the allegedly fraudulent conveyance was in satisfaction of antecedent debt. *See, e.g.*, *In re Sharp Int'l Corp.*, 403 F.3d at 54-55 (explaining that, in antecedent debt context, something more than knowledge of alleged fraud is required to demonstrate lack of good faith).

This case, however, did not involve a transfer to satisfy an antecedent debt. At no time before the sale contract was signed in December 2013 was Phillips a creditor with respect to Sanford or Pursuit. The loans that Phillips made to Sanford in 2014 and 2015, secured by mortgages on the penthouse, do not affect the analysis because they were initiated only *after* the sale contract was executed in December 2013. Moreover, evidence adduced by the Knopfs suggests that Phillips was aware of the Knopfs' claim to the PHC when he signed the sale contract and later extended the loans. *Cf. Long Oil Heat, Inc. v. Spencer*, 375 F. Supp. 3d 175, 198 (N.D.N.Y. 2019) ("'A creditor of an insolvent debtor must stop at securing his or her debt, and if the creditor has knowledge of the debtor's fraudulent purpose in making the preference, such preference will be avoided in favor of other creditors.'" (quoting 30 N.Y. Jur. 2d Creditors' Rights § 389 (2d ed. 2019))). This case is thus distinguishable from cases in which courts have required more than knowledge to show lack of good faith.[4] *See, e.g.*, *In re Sharp Int'l Corp.*, 403 F.3d at 46-47 (requiring more than knowledge where debt was created prior to alleged fraud).

---

[4] Further, no party contends that the PHC was sold for the sole purpose of satisfying any debt resulting from Phillips's loans (totaling approximately $500,000) in exchange for a mortgage on that unit. Instead, the purpose of the sale was to transfer to Phillips ownership of the PHC, a unit in a building in which he already owned an apartment, in exchange for money.

Applying the correct standard now, we conclude that the Knopfs submitted evidence sufficient, at the very least, to raise genuine issues of material fact as to whether Phillips acted with actual or constructive knowledge of a fraudulent scheme to deprive the Knopfs of their rights to the PHC or to the proceeds of its sale. *See Sardis*, 113 A.D.3d at 143; *see also HBE Leasing Corp. v. Frank*, 48 F.3d 623, 636 (2d Cir. 1995) ("[W]here, as here, a transferee has given equivalent value in exchange for the debtor's property, the statutory requirement of good faith is satisfied if the transferee acted without either actual or constructive knowledge of any fraudulent scheme." (internal quotation marks omitted)). The Knopfs submitted evidence supporting their allegations that Phillips: (1) was familiar with the details of the state court litigation (including that the Knopfs had obtained summary judgment on their breach of contract claim); (2) knew of the various court orders that had restricted the sale of the PHC; and (3) actively prevented his title company from learning all of the details of the state court litigation. *See Sardis*, 113 A.D.3d at 142 ("[W]here the transferee is aware of an impending enforceable judgment against the transferor, the conveyance does not meet the statutory good faith requirement and generally will be set aside as constructively fraudulent."). The District Court thus erred in granting summary judgment to Phillips on this claim.

## III. Pre-Trial Dismissal

In dismissing the Knopfs' remaining claims against Sanford and Pursuit, the District Court relied, at least in part, on its determination in the summary judgment motion. Because we identify error in the District Court's summary judgment decision, we also vacate its pre-trial dismissal.[5]

\* \* \*

We have considered all of the parties' remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the District Court's dismissal of the tortious interference

---

[5] We further note that the District Court's dismissal of the remaining claims was based on its apparent misunderstanding of the Knopfs' complaint. Contrary to the court's statement that the

claim against Phillips, **VACATE** the District Court's summary judgment and pre-trial dismissal orders, and **REMAND** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

breach of fiduciary duty claim had never concerned the hedge fund activities, the Second Amended Complaint clearly and specifically alleged that the sale of the PHC, as well as several other actions by Sanford, constituted breaches of the fiduciary duty that he owed to the Knopfs because of their limited partner status in the hedge fund.